UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------X
THE CHARTER OAK FIRE INSURANCE COMPANY,

          Plaintiff,

    -against-

AMERICAN CASUALTY CO. OF READING, PA,

          Defendant.
-------------------------------------------------------------------X

Civil Action No.

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff THE CHARTER OAK FIRE INSURANCE COMPANY ("Travelers"), by its attorneys, Usery & Associates, as and for its Complaint for Declaratory Judgment against Defendant, American Casualty Co of Reading, PA ("CNA"), alleges upon information and belief as follows:

### Nature of the Action

1. In this action, Travelers seeks a declaration that CNA is obligated to defend and to indemnify City Facilities Management (MA) LLC ("City FM") in connection with an underlying action styled *Smith v. Union 22 Plaza LLC et al.* filed in the Superior Court of the State of New Jersey, Ocean County, ESX-L-008251-21 (the "Underlying Action").[1]

2. Claimant in the Underlying Action alleges she was injured as the result of an incident that occurred on or about December 23, 2020 at 900 Springfield Rd. Union, NJ 07083 (the "Location").

---

[1] The Underlying Action was removed to the District Court of New Jersey with docket number 22-cv-06176 and has been remanded back to state court.

**Parties**

3. At all times relevant hereto, Travelers was and is a Connecticut corporation duly licensed and authorized to write insurance and conduct business in the State of New Jersey with a principal place of business in Hartford, Connecticut.

4. Upon information and belief, at all times relevant hereto, CNA was and is a Pennsylvania corporation duly licensed and authorized to write insurance and conduct business in the State of New Jersey with a principal place of business in Illinois.

**Jurisdiction and Venue**

5. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claims occurred here.

7. An actual justiciable controversy exists between the parties as to the coverage afforded under an insurance policy issued by Defendant CNA.

8. Plaintiff Travelers has no adequate remedy at law.

**The Insurance Policies**

9. Travelers issued to City FM an insurance policy bearing policy no. DT-CO-0K338167-COF-20 providing commercial general liability coverage for the policy period January 11, 2020 through January 11, 2021 (the "Travelers Policy").

10. Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

11. The Travelers Policy contains excess "other insurance" clauses that provide that coverage under the Travelers Policy is excess over any other coverage available.

12. Defendant CNA issued an insurance policy to Strategic Grounds Management LLC ("SGM") bearing policy no. 6080260813 for the policy period March 15, 2020 through July 1, 2021 (the "CNA Policy").

13. Upon information and belief, subject to certain terms, conditions, and exclusions, the CNA Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

14. By endorsement, the CNA Policy provides additional insured coverage to the City FM on a primary and non-contributory basis.

15. By endorsement, the CNA Policy provides additional insured coverage for occurrences "caused, in whole or in part" by SGM's ongoing operations performed for the City FM.

## Background Facts

16. SGM entered into a Services Agreement with City FM effective October 15, 2018 (the "Agreement").

17. A true and correct copy of the Agreement with amendments is annexed as **Exhibit 1.**

18. Pursuant to the terms of the Agreement, SGM agreed to procure commercial general liability coverage for the City FM on a primary and non-contributory basis.

19. SGM entered into a Third Amendment to Service Agreement (Snow Removal) with City FM on September 1, 2018 (the "Third Amendment").

20. SGM entered into a Fifth Amendment to Service Agreement (Snow Removal) with City FM on November 20, 2020 (the "Fifth Amendment").

21. The Third Amendment and Fifth Amendment list the Location as part of SGM's service territory.

22. The Third Amendment contains the scope of SGM's snow removal services for the Location.

23. By Complaint filed on or about November 2, 2021 Claimant commenced the Underlying Action.

24. An amended complaint was filed on or about April 18, 2023 adding SGM as a defendant in the Underlying Action.

### Travelers' Tenders

25. By way of letter dated April 25, 2022 the defense and indemnity of the City FM in the Underlying Action was tendered to CNA.

26. By way of letter dated October 19, 2022, CNA denied Travelers' tender.

27. By correspondence dated November 8, 2022, Travelers responded to CNA's denial, seeking a reconsideration.

28. By correspondence dated November 17, 2022, CNA denied Travelers' request for reconsideration and maintained its denial.

29. To date, CNA has not accepted Travelers' requests for defense and indemnity.

### Travelers' Cause of Action for Declaratory Relief Against CNA

30. Travelers repeats and realleges the allegations contained in paragraphs 1-28 above as if set forth here in their entirety.

31. The City FM qualifies as an additional insured under the CNA Policy for the claims asserted against them in connection to the Underlying Action.

32. The City FM is entitled to a defense under the CNA Policy issued to SGM, as well as to indemnification thereunder for any verdict or judgment rendered against the City FM in the Underlying Action.

33. Coverage provided to the City FM by the CNA Policy with respect to the Underlying Action is primary to that provided by the Travelers Policy.

34. CNA has refused to provide coverage to the City FM with respect to the Underlying Action.

35. Accordingly, Travelers seeks a declaration that CNA has an obligation to defend and indemnify the City FM as an additional insured; that the coverage provided by the CNA Policy to the City FM is primary; and that the obligations of Travelers to the City FM in the Underlying Action are excess to proper exhaustion and full payment of the limits of the CNA Policy.

36. In addition, Travelers seeks an award at law and in equity against CNA for recovery of all sums Travelers has incurred in defense of the City FM in the Underlying Action because the coverages provided by the CNA Policy are primary to any coverage provided by Travelers.

**Prayer for Declaratory Relief**

Wherefore, Plaintiff Travelers prays that judgment be entered as follows:

1. Declaring that the CNA Policy was in full force and effect on the date of the incident alleged in the Underlying Action.

2. Declaring that all terms and conditions of the CNA Policy have been complied with and met in connection to additional insured coverage for the Underlying Action.

3. Declaring that the incident alleged in the Underlying Action and allegations in the Underlying Action fall within the coverage afforded by the CNA Policy.

4. Declaring that Defendant CNA owes a duty to defend the City FM in connection with the Underlying Action.

5. Declaring that Defendant CNA owes a duty to indemnify the City FM in connection with the Underlying Action.

6. Declaring that Defendant CNA's coverage obligations to the City FM in connection with the Underlying Action are primary.

7. Declaring that Plaintiff Travelers' coverage obligations in connection to the City FM under the Travelers Policy are excess and non-contributory to those of Defendant CNA with respect to the Underlying Action.

8. Declaring that an actual controversy exists between Plaintiff Travelers and Defendant CNA with respect to CNA's duty to defend and to indemnify the City FM in connection with the Underlying Action.

9. Granting an award in favor of Plaintiff Travelers against Defendant CNA for all sums Travelers has paid in defending the City FM in the Underlying Action.

10. Granting an award in favor of Plaintiff Travelers for the costs of suit incurred herein.

11. Granting such other and further relief as the Court may deem just and proper.

Dated:  March 19, 2024

USERY & ASSOCIATES


By: /s/ Tung Sing Wong
     Tung Sing Wong
     *Attorneys for Plaintiff The Charter Oak Fire Insurance Company*
     Direct: 917.778.6429
     Fax: 844.571.3789
     Email: twong2@travelers.com

     Please address all correspondence sent by mail to:
     P.O. Box 2996
     Hartford, CT 06104-2996

     Physical Address:
     485 Lexington Avenue, 6th Floor
     New York NY 10017